UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL WAYNE SKAGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV176 JAR |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254.[1] Petitioner, a state pretrial detainee, challenges his current confinement at Fulton State Hospital, and he seeks an order requiring his release from Fulton, as well as a mandate that his speedy trial rights have been violated.[2] In his application for writ of habeas corpus, petitioner states that he has

---

[1]Because it does not appear that petitioner is confined pursuant to a state court judgment, the Court will construe this action as having been brought under 28 U.S.C. § 2241.

[2]Petitioner recently filed an application for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his speedy trial rights had been violated by his admission to a state psychiatric facility for a pretrial evaluation. See Skaggs v. Wood, 4:11CV2220 HEA (E.D. Mo.). The Court denied petitioner's request for habeas corpus relief, finding that the grounds raised by petitioner did not constitute the "special circumstances" required for a finding that he had exhausted his available state remedies. In addition to the findings set forth below, the Court adopts the discussion outlined in the prior Memorandum and Order. Id.

filed a petition for habeas corpus, pursuant to Mo.R.Civ.P. 91 with the Missouri Circuit Judge currently assigned to his underlying state criminal action, but that the application has not yet been ruled on. Accordingly, the Court will order petitioner to show cause, within thirty (30) days of the date of this Memorandum and Order, why the petition should not be dismissed.

## Discussion

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973); Blanck, 48 F.Supp.2d at 860.

Although petitioner asserts that his right to speedy trial has been violated, he admits that he is currently undergoing mental examination at Fulton State Hospital. Petitioner claims that the Circuit Court order requiring the competency evaluation

wasn't signed or dated by the Judge assigned to his case, but he has not articulated the significance of this argument or the means by which he has brought this matter to the attention of the State Circuit Court Judge. Moreover, petitioner has not explained how these alleged technical shortcomings have infringed on his right to a speedy trial in state court.

Rather, the only thing petitioner has alleged is that the psychological evaluation was not started in a "timely fashion" and is taking "too long," such that his speedy trial rights are being infringed. Petitioner has failed, however, to discuss the length of the evaluation and the purported prejudice it has caused. See Barker v. Wingo, 407 U.S. 514, 530 (1972) (instructing the court to assess four factors when determining whether a petitioner has been deprived of his right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of the right to a speedy trial; and 4) prejudice to the criminal defendant).

Petitioner has also failed to identify the circumstances under which the mental evaluation was ordered. Petitioner has not indicated whether the mental evaluation was requested by him, or his attorney, as part of a trial strategy or whether the evaluation was required by the Court in conjunction with some affirmative process such as a determination of competency to represent oneself. See Dickey v. Florida, 398 U.S. 30, 47 (1970) (noting that when a petitioner has or shares some

responsibility in the delay he may not be entitled to the speedy trial safeguard); see also, State v. Coons, 886 S.W.2d 699 (Mo. Ct. App. 1994) (noting that time attributable to defendant's requests for change of judge and venue, for mental evaluation and for continuances was excludable from calculation of speedy trial time period).

For example, petitioner makes a comment in his petition that the Missouri Public Defenders Office has a "conflict of interest" but has not withdrawn from their representation of him in his criminal action. This Court has no access to the criminal docket reflecting petitioner's criminal case, therefore, it is unable to ascertain whether petitioner has sought to represent himself in his state criminal proceedings. However, based upon petitioner's assertions in this matter, it is likely that he has attempted to do so.

A criminal defendant has a constitutional right to assistance of counsel. State v. Johnson, 172 S.W.3d 900, 902 (Mo. Ct. App. 2005). A criminal defendant also has a constitutional right to waive counsel and proceed pro se. State v. Nichols, 207 S.W.3d 215, 224 (Mo. Ct. App. 2006). A defendant must assert his right of self-representation clearly and unequivocally prior to trial. State v. Parker, 890 S.W.2d 312, 316 (Mo. Ct. App. 1994). However, pursuant to Mo.Rev.Stat. § 600.051.1 (2000), when a defendant waives this right, he must do so knowingly and intelligently.

To competently and intelligently choose self-representation, a criminal defendant should be made aware of the dangers and disadvantages of representing himself. Nicholas, 207 S.W.3d at 224. Thus, before a criminal defendant can be allowed to represent himself, a Judge must determine, often through a comprehensive mental evaluation, whether a defendant is waiving his right to an attorney voluntarily, knowingly and intelligently. Perhaps this is the case in this instance.

Assumptions aside, there is simply nothing within petitioner's application to indicate that there are currently any special circumstances that would warrant this Court's intrusion into a purely state court matter without petitioner first availing himself of any and all state court remedies.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden, 410 U.S. at 488. As recognized by petitioner, the state writ of habeas corpus appears to be an available remedy in Missouri under the facts of this case. See Mo. R. Civ. P. 91.01(b) ("Any person restrained of liberty within the state may petition for a writ of habeas corpus to inquire into the cause of such restraint."). In the instant case, petitioner states that he has filed a state court habeas corpus action, but it is unclear how long petitioner's state habeas corpus action has been pending. Nevertheless, petitioner does not state, nor is there any indication, that he has sought

to compel performance relative to his state habeas petition by filing a writ of mandamus in the appropriate state court. See State ex rel. Haley v. Groose, 873 S.W.2d 221, 223 (Mo. banc 1994)(writ of mandamus will lie to compel performance of an act by one who has duty to perform it). Furthermore, the Court notes that petitioner will no doubt have the opportunity to raise constitutional challenges in the context of his state criminal proceedings, and if necessary, subsequent appeal.

Under these circumstances, this Court finds that petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction. Accordingly, the Court will order petitioner to show cause why this action should not be dismissed, without prejudice, so that petitioner can pursue his state court remedies prior to bringing these matters before the Federal Courts.

In light of the aforementioned, the Court will deny petitioner's request to remove his state court criminal proceedings to this Court, in whole or in part.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order why the petition should not be dismissed, without prejudice, for failure to exhaust available state remedies.

**IT IS FURTHER ORDERED** that petitioner's motion to move his state court criminal proceedings to this Court [Doc. #2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Memorandum and Order, the petition shall be dismissed. Fed. R. Civ. P. 41(b).

Dated this 24th day of February, 2012.

                                              /s/ John A. Ross
                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE