**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RUSSELL WAYNE SKAGGS,        )
                             )
        Petitioner,          )
                             )
        v.                   )         No. 4:12CV176 JAR
                             )
STATE OF MISSOURI,           )
                             )
        Respondent.          )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon review of petitioner's response to the

order to show cause.[1]  Having carefully reviewed petitioner's response, the Court

concludes that his arguments are without merit and that the instant action is subject

to dismissal.

Although the record is far from clear, petitioner appears to be a state pretrial

detainee, challenging his confinement at Fulton State Hospital, pursuant to 28

U.S.C. § 2241.  In this action, as well as several others currently before this Court,[2]

---

[1]On February 24, 2012, the Court ordered petitioner to show cause as to why
the Court should not dismiss the instant application for writ of habeas corpus. .

[2]Petitioner recently filed an application for writ of habeas corpus, pursuant to
28 U.S.C. § 2241, alleging that his speedy trial rights had been violated by his
admission to a state psychiatric facility for pretrial evaluation.  See <u>Skaggs v.</u>
<u>Wood</u>, 4:11CV2220 HEA (E.D. Mo.).  The Court denied petitioner's request for
habeas corpus relief, finding that the grounds raised by petitioner did not constitute
the "special circumstances" required for a finding that he had exhausted his

petitioner appears to be seeking an order requiring his release from Fulton, as well

as a mandate that his speedy trial rights have been violated.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial

habeas petitions.  Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979).

"Despite the existence of jurisdiction, however, federal courts are reluctant to grant

pretrial habeas relief."  Id.  Only when "special circumstances" exist will a federal

court find that a pretrial detainee has exhausted his available state remedies.  Id.

In the February 24, 2012 Memorandum and Order, petitioner was ordered to

show cause why his petition should not be dismissed for failure to articulate the

special circumstances necessary to justify federal habeas corpus relief.  In his

petition for relief, petitioner asserted that his speedy trial rights were being

impeded by a State Circuit Court Order requiring him to undergo a mental

evaluation at Fulton State Hospital.

In the order to show cause, petitioner was asked to identify the

circumstances under which the mental evaluation was proposed, whether it was

---

available state remedies.  Petitioner is also seeking relief in two other cases
currently before the District Court on grounds similar to those articulated in the
current case.  See Skaggs v. Wood, 4:11CV2190 SNLJ (E.D. Mo) and Skaggs v.
State of Missouri, 4:12CV220 SNLJ (E.D. Mo.).  Also pending before this Court is
an action by petitioner concerning his "child support arrearage."  See Skaggs v.
State of Missouri, 4:12CV203 RWS (E.D. Mo.).

requested by him or his attorney, or by the Court in conjunction with some

affirmative process such as a determination of competency to represent oneself.

See Dickey v. Florida, 398 U.S. 30, 47 (1970) (noting that when a petitioner has or

shares some responsibility in the delay he may not be entitled to the speedy trial

safeguard); see also, State v. Coons, 886 S.W.2d 699 (Mo. Ct. App. 1994) (noting

that time attributable to defendant's requests for change of judge and venue, for

mental evaluation and for continuances was excludable from calculation of speedy

trial time period).  Petitioner was also asked to discuss the length of the mental

evaluation and the purported prejudice it has caused.  See Barker v. Wingo, 407

U.S. 514, 530 (1972) (instructing the court to assess four factors when determining

whether a petitioner has been deprived of his right to a speedy trial: (1) the length

of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right

to a speedy trial; and (4) prejudice to the criminal defendant).

   Additionally, in the February 24, 2012 Memorandum and Order, petitioner

was also asked to provide this Court with more information concerning the state

habeas corpus action he alleges he filed with the Circuit Court relating to his

mental evaluation and request for speedy trial, regarding when it was filed and how

long it has been pending.  The Court additionally inquired as to whether petitioner

had sought to compel performance relative to his state habeas petition by filing a

-3-

writ of mandamus, or if he had filed any additional motions relating to his

constitutional challenges in his pending criminal action.

Petitioner's response to show cause is completely devoid of any allegations

relating to any "special circumstances" that would warrant this Court's intrusion

into a purely state court matter without petitioner first availing himself of his state

court remedies.  In fact, petitioner's response is completely devoid of facts relative

to his requests for speedy trial and his attempts to pursue his constitutional rights.

In his response to show cause, petitioner asserts that he is engaged in a

disagreement with an individual named Dwayne Hackworth who is "aggressively

pursuing an easement on land through the Missouri adverse possession law."

Petitioner further asserts that he has been subjected to "electronic assault," and he

claims that "without consideration, the doctors and officials want to declare [him]

incompetent, when in fact the technology is readily available."  Petitioner states

that he is being forcibly medicated, and he requests "this appeal with all respect to

the court for the consideration of civil rights and the risk involved by incompetent

to stand trial as recognized by Chapter Eight Section 8(1)(b) describing the events

of this case and attempting to mention the focus on adverse possession laws of

Missouri."

Under the aforementioned circumstances, the Court finds that petitioner has available state procedures that he must exhaust prior to invoking federal habeas jurisdiction.  Accordingly, the Court will dismiss this action, without prejudice, so that petitioner can pursue his state court remedies prior to bringing these matters to the federal courts.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. §  2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of April, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE